UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TYRONE FLETCHER | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2001 |
| LOUISIANA STATE, ET AL. | * | SECTION "J" (2) |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Tyrone Fletcher filed a Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on June 8, 2023. ECF Nos. 1-2. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily mandated review. ECF No. 3. By Order dated June 21, 2023, Plaintiff was directed to file a written response setting forth the specific facts upon which he relies to establish a basis for federal subject matter jurisdiction over his claim and an explanation of why his Complaint should not be dismissed for failure to comply with FED. R. CIV. P. 8, by Monday, August 21, 2023, in accordance with 28 U.S.C. § 1915(e)(2). Plaintiff mailed a Response to the Order to Show Cause on August 21, 2023. ECF No. 4.

I.   **PLAINTIFF'S CLAIMS**

Plaintiff filed suit appearing to invoke federal question jurisdiction by purporting to assert a claim under 42 U.S.C. § 1983 relating to two cases that involve ineffective assistance of counsel issues on habeas review.[1] However, his Complaint did not contain a concise statement of the claims or basis for relief as required by Rule 8. Instead, he referenced an attachment that discusses an arrest on some unspecified date. ECF Nos. 1 ¶ III, at 4; 1-1. Further, although Plaintiff did not

---

[1] ECF No. 1 ¶ II(A) (citing *Lord v. Wood*, 184 F.3d 1083 (9th Cir. 1999) and *Childress v. Johnson*, 103 F.3d 1221 (5th Cir. 1997)).

1

check the box marked "diversity jurisdiction," he did complete Section II(B) of the *Pro Se* Civil Case Complaint form, which is completed if the jurisdictional basis is diversity of citizenship. ECF No. 1 ¶ II, at 3.  While the identity of the defendants sought to be named is unclear as he lists different defendants in different sections of the form complaint, it is clear that each defendant referenced on the form is identified as a Louisiana citizen.  As Plaintiff's Complaint, on its face, did not reflect a colorable claim arising under federal law as necessary to support federal question jurisdiction under § 1331 or diversity jurisdiction under § 1332, the Court ordered him to show cause why his Complaint should not be summarily dismissed for lack of subject matter jurisdiction and/or failure to provide a concise statement of his claims as required by Rule 8.  ECF No. 3.

In response to the Court's Show Cause Order, Plaintiff asserts that this Court has subject matter jurisdiction over his claim because it arises under § 1983.  ECF No. 4 at 1.  Plaintiff claims that he was detained without probable cause by Kenner Police Department Officer Chad Spindel, who grabbed Plaintiff by the throat, forced him down to the ground, arrested him, and brought him to the Kenner Police Department, where other "unknown officers" held him down, removed his clothing, and raped him.  *Id*. at 2.  After Plaintiff being released from custody, he filed an internal affairs complaint against Spindel and the unknown officers, after which a police detective took his deposition.  *Id*.  Plaintiff claims that Spindel fabricated a story about Plaintiff assaulting him as justification for the baseless automobile stop and search and Spindel has a history of "unprovoked attacks against minorities."  *Id*.

Plaintiff attaches his Uniform Application for Post-Conviction Relief directed to the 24th JDC District Court for the Parish of Jefferson, State of Louisiana, which application is neither signed nor dated but lists "2005" in the signature line.  ECF No. 4-1 at 10.  Therein, Plaintiff raised three claims for post-conviction relief: (1) ineffective assistance of counsel, (2) "Sixth Amendment

2

violation of his right to a fair trial," and (3) "Fourth Amendment violation of his right to freedom from arrest and search of vehicle without probable cause." *Id.* at 5.  In his Show Cause Response, Plaintiff neither indicates that he ever filed the application or explains the outcome of his application if it was filed nor does he affirmatively seek habeas relief in this matter.  Based on the fact that Plaintiff's address of record is a private residence rather than a correctional facility, it appears that he is no longer incarcerated.  *See* ECF No. 4 at 4 (envelope with private residence listed as return address).

## II.    APPLICABLE LAW AND ANALYSIS

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]  Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[3]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[4]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[5]

---

[2] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[3] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[4] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[5] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[6] The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[7] If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[8]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332. Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[9] Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[10]

Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[11]

### C. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

---

[6] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[7] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[8] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[9] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[10] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).
[11] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[12]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[13]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)  deprivation of a right secured by the U.S. Constitution or federal law;
(2)  that occurred under color of state law; and
(3)  was caused by a state actor.[14]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[15] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[16] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[17]

### D. Analysis

Neither Plaintiff's Complaint nor his Response to the Show Cause Order serve to establish this Court's subject matter jurisdiction over his claims under § 1331 or § 1332.

Initially, the identities of the proper defendants in this action remain unclear. The caption of Plaintiff's Complaint listed as defendants the State of Louisiana and Paul Connick and the

---

[12] 42 U.S.C. § 1983.
[13] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[14] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[15] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[16] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); accord *Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).

caption of his Response lists "State of Louisiana, et al." ECF No. 4 at 1. In the factual background section of his Response, however, Plaintiff discusses acts allegedly committed by Officer Chad Spindel and other "unknown officers" of the Kenner Police Department. *Id*. at 1-2. Although Plaintiff named as Defendants District Attorney Paul Connick and "Other Unknown Persons, Assistant D.A.'s & Investigators" in his Complaint, he fails to comply with Rule 8's well pleaded complaint requirement. Even if Plaintiff were to provide an adequate explanation of his claims against the district attorney and other employees, such a claim would fail as a matter of law.

### 1. No Diversity Jurisdiction

Although Plaintiff indicated his complaint is filed pursuant to 42 U.S.C. § 1983, he also completed portions of the form complaint involving diversity jurisdiction. All of the defendants named, however, are Louisiana entities or citizens, as is Plaintiff.[18] Accordingly, Plaintiff fails to properly invoke diversity jurisdiction under § 1331.

### 2. Claims against the State of Louisiana

Although not adequately pled in his Complaint or Response, Plaintiff purports to state a claim against the State of Louisiana.[19] Under the Eleventh Amendment, however, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent."[20] This

---

[18] *See* ECF No. 1 ¶ I(A) (Plaintiff's address is located in New Orleans Louisiana); ¶ I(B) (Gretna, Louisiana addresses for each named Defendant).
[19] *See* Case Caption, ECF Nos. 1, 3.
[20] *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 735 (5th Cir. 2020) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)); *Rodriguez v. Tex. Comm'n on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) (addressing U.S. CONST. amend. XI).

Eleventh Amendment immunity[21] "extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'"[22] The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See LA. REV. STAT. ANN. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.[23]

While a State may expressly waive sovereign immunity, Louisiana has by statute declined to do so.[24] This federal court, therefore, lacks subject matter jurisdiction over a complaint against these officials and the State of Louisiana as defendants in this case.[25]

### 3. Claims against DA Connick and His Staff

Plaintiff does not indicate whether he seeks to sue District Attorney Connick, unnamed Assistant District Attorneys, or unnamed DA's Office Investigators in their individual or official capacity. Regardless, the claims fail as a matter of law.[26]

---

[21] The United States Fifth Circuit Court of Appeals has explained that the term "'Eleventh Amendment immunity' is a misnomer . . . because that immunity is really an aspect of the Supreme Court's concept of state sovereign immunity and is neither derived from nor limited by the Eleventh Amendment. *Canada Hockey, L.L.C. v. Texas A&M Univ. Athletic Dep't*, No. 20-20503, 2021 WL 4096928, at *3 n.3 (5th Cir. Sep. 8, 2021) (citations omitted). "'Eleventh Amendment immunity' has been used loosely and interchangeably with 'state sovereign immunity' to refer to a state's immunity from suit without its consent in federal courts." *Id.*

[22] *Med. RX/Sys., P.L.L.C. v. Tex. Dep't of St. Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will*, 491 U.S. at 71).

[23] *Cozzo v. Tangipahoa Par. Council-President Govt.*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); *Champagne v. Jefferson Par. Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999); *McGuire v. Lafourche Par. Work-Release Facility*, No. 09-6755, 2009 WL 4891914, at *3-4 (E.D. La. Dec. 4, 2009).

[24] *See Edelman*, 415 U.S. at 673 (a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dept. of Highways*, 780 F.2d 268, 1271-73 (5th Cir. 1986).

[25] *Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996); *Wallace v. Edwards*, No. 93-3651, 1994 WL 399144, at *1 (5th Cir. July 21, 1994) (per curiam) (concluding that the Governor of Louisiana was shielded by state sovereign immunity).

[26] *See Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).

a. Official Capacity

A claim against a District Attorney in his official capacity is suit against Jefferson Parish, the entity he represented.[27] In that respect, "municipalities cannot be held liable for constitutional torts under § 1983 'on a respondeat superior theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[28] Thus, to state a non-frivolous claim against a district attorney in an official capacity, the plaintiff must establish that the named defendant is a final Parish policymaker and identify a Parish policy or custom which allegedly caused the deprivation of his constitutional rights.[29]

Plaintiff has not alleged that either District Attorney Connick or any of the Assistant District Attorneys or Investigators of the Jefferson Parish District Attorney's Office is the final policymaker for the Parish, nor has Plaintiff identified a Jefferson Parish policy involved in his detention that caused him constitutional injury. He, therefore, has not asserted a *Monell* claim against these defendants, and his claims, if any, against them in their official capacity are frivolous and otherwise fail to state a claim for which relief can be granted. The claims should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A.

---

[27] *Connick v. Thompson*, 563 U.S. 51, 59-60 (2011) (a district attorney in Louisiana is a Parish official and claims against Orleans Parish District Attorney in an official capacity are addressed under the standards of *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)); *Burge v. Par. of St. Tammany*, 187 F. 3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."); *see also Owen v. City of Independence*, 445 U.S. 622, 638 (1980) (refusing to apply immunities for personal liability to *Monell* claims against local governments because "there is no tradition of immunity for municipal corporations").
[28] *Burge*, 187 F. 3d at 470 (quoting *Monell*, 436 U.S. at 691).
[29] *Rinker v. New Orleans Dist. Atty.*, No. 10-CV-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010), *R.&R. adopted*, 2010 WL 2773383, at *1 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).

b. Individual Capacity

Plaintiff's claims against Connick and other district attorney's office employees are based on their purported actions in bringing criminal charges against him that resulted in his detention and conviction, which are protected actions taken within the scope of their employment at the District Attorney's Office. To the extent he purports to assert claims against Connick or his employees in their individual capacities, they enjoy absolute immunity from suit for monetary damages under § 1983 related to their role and actions as prosecutors.[30]

"A prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"[31] Furthermore, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[32] The prosecutorial immunity also applies during "actions apart from the courtroom."[33]

Plaintiff's claims against Connick and unnamed Assistant District Attorneys and investigators are barred by prosecutorial immunity. These claims should be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and for being asserted against immune defendants.

---

[30] *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016); *Beard v. Wolf*, No. 13-4772, 2014 WL 3687236 at *2-3 (E.D. La. Jul. 22, 2014).
[31] *Esteves v. Brock*, 106 F. 3d 674, 676 (5th Cir. 1997) (quoting *Imbler*, 424 U.S. at 430-31); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).
[32] *Kerr v. Lyford*, 171 F. 3d 330, 337 & n.10 (5th Cir. 1999), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F. 3d 939 (5th Cir. 2003); *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).
[33] *Imbler*, 424 U.S. at 431 n.33.

### 4. Rape Claims against "Unknown Officers" of Kenner Police Department

Plaintiff purports to assert claims under § 1983 based on an alleged rape by "unknown" Kenner Police Department officers.[34] Although the factual assertion of rape would suffice for a § 1983 claim, to state a claim under § 1983, a plaintiff must identify both the constitutional violation and the *responsible person* acting under color of state law. Plaintiff's failure to identify the officers who allegedly assaulted him renders his claim insufficient on its own.

Moreover, on its face, Plaintiff's claim is untimely. Because § 1983 does not itself prescribe a statute of limitations, a suit brought under that statute is subject to "the general statute of limitations governing personal injuries in the forum state."[35] Louisiana has a one year statute of limitations or more accurately, a one-year prescriptive period for personal injury claims.[36] Plaintiff's Response reflects that the incident at issue occurred on October 18, 2001, over twenty years ago. ECF No. 4-1 at 4.

District courts may sua sponte dismiss claims as frivolous under § 1915(d) where it is clear from the face of the complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations.[37] Accordingly, Fletcher's § 1983 claim regarding the alleged rape by unknown police officers should be dismissed with prejudice.

### 5. Excessive Force and Constitutional Claims against Officer Chad Spindel

Although Plaintiff appears to focus his § 1983 claim on the alleged October 18, 2001 rape by unknown police officers, he also discusses the circumstances of his arrest on that date, asserting

---

[34] *See* ECF No. 4 at 1 (Plaintiff's Response to Show Cause Order) (arguing that there is no statute of limitations issue in this matter because "[t]here is no time limit for the prosecution of any crime for which the punishment may be death or life imprisonment or for the crime of forcible or second degree **rape**." (emphasis in original)).

[35] *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also Hearn v. McCraw*, 856 F. App'x 493, 495-96 (5th Cir. 2021) ("Because § 1983 does not provide a statute of limitations, courts borrow from state law. . . [a]nd typically, courts look to a state's statute of limitations for personal injury torts.") (Citing *Wallace v. Koto*, 549 U.S. 384, 387 (2007)).

[36] LA. CIV. CODE art. 3492.

that his constitutional rights were violated by Kenner Police Department Officer Chad Spindel when he was physically attacked and "detained without probable cause" by Spindel during a traffic stop. ECF No. 4 at 1-2.

According to his attached post-conviction relief application, Plaintiff was charged, convicted, and sentenced for possession of cocaine and assault upon a police officer. ECF No. 4-1 at 8, 10. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"[38] To the extent Plaintiff asserts a § 1983 claim for excessive force in connection with the circumstances surrounding his apprehension and arrest or alleges insufficient evidence or inappropriate investigation of charges against the police officers involved, those claims necessarily relate to the propriety of his criminal conviction and are thus barred by *Heck*.

Further, to the extent that Fletcher's complaint can be read to challenge his conviction on the basis of ineffective assistance of counsel, Fourth, or Sixth Amendment grounds, he must pursue that claim on habeas corpus grounds. However, a habeas request is not properly asserted or sought in this civil rights action as release from custody is not an available remedy under § 1983.[39] Fletcher would have to present any have to present any habeas claims he may have in the proper

---

[37] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)).
[38] *Bush*, 513 F.3d at 497 (quoting *Heck*, 512 U.S. at 486-87).
[39] *See Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021) (discussing when habeas relief can be granted), *R.&R. adopted,* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *accord Lerille v. Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *R.&R. adopted,* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).

habeas corpus proceeding, not this § 1983 complaint. He therefore fails to state a claim for which relief can be granted under § 1983.

### III. CONCLUSION

Plaintiff's § 1983 claim premised on events occurring on October 18, 2001 are untimely and therefore frivolous. Likewise, to the extent he asserts an excessive force or other related § 1983 claim based on the circumstances surrounding his apprehension and arrest in 2001, those claims relate to the propriety of his criminal conviction and are thus barred by *Heck*. Further, any claims against District Attorney Connick and his Assistant District Attorneys and Investigators fail as a matter of law as they are immune from suit, as do his claims against the State of Louisiana, an improper § 1983 defendant.

Accordingly, Plaintiff's claims against all Defendants should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff Tyrone Fletcher's § 1983 complaint against the State of Louisiana be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against defendants, District Attorney Paul Connick, unnamed Assistant District Attorneys, and unnamed investigators be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against immune defendants.

**IT IS FURTHER RECOMMENDED** that Plaintiff's § 1983 claim against "unknown officers" of the Kenner Police Department regarding an alleged rape on October 18, 2001 be **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER RECOMMENDED** that Plaintiff's § 1983 claim against Officer Chad Spindel regarding the circumstances surrounding his arrest be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim for which relief can be granted.

### NOTICE OF OPPORTUNITY TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[40]

New Orleans, Louisiana, this  11th  day of September, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[40] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).